Joseph A. MANN, Plaintiff,

v.

D.N. HAIGH, et al., Defendants.

No. 4:95–CV–107–H–3.

United States District Court,
E.D. North Carolina,
Eastern Division.

May 21, 1996.

David P. Voerman, New Bern, NC, for Plaintiff.

Eileen C. Moore, U.S. Attorney's Office, Raleigh, NC, for Defendants.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendants' motion to dismiss. The plaintiff, a non-appropriated fund instrumentality ("NAFI") civilian employee of the United States Marine Corps, brought this second action to protest his discharge from employment.[1] The plaintiff was granted leave under the Family and Medical Leave Act ("FMLA"), and contends that he is entitled to return to work pursuant to that statute. In the first action, this court adopted the Memorandum and Recommendation ("M & R") entered on October 31, 1994, by United States Magistrate Judge Charles K. McCotter, Jr., recommending that plaintiff's motion for a temporary restraining order be denied and that this action be dismissed.[2] Plaintiff has filed a timely response, and the defendants have filed a reply. This matter is ripe for ruling.

■ The plaintiff has responded with additional argument that the legislative history demonstrates that the judicial remedy for employees covered by Title I is applicable to the plaintiff. *Res judicata* is applicable to this issue which has already been decided in previous litigation between the parties by this court. The court is not inclined to disturb its earlier ruling and finds no basis for disturbing such determination that plaintiff is not covered by Title I.

---

1. Only paragraphs 1, 19, and 22 of plaintiff's present complaint differ from his complaint of October 4, 1994. The difference being that plaintiff contends that the jurisdiction of this court is now additionally based upon 5 U.S.C. §§ 701–706.

2. This court found that it maintains jurisdiction over review of FMLA claims by Title II employees and that, at that time, plaintiff had not exhausted all of his available administrative remedies. "In the event that plaintiff is unsuccessful in obtaining the relief he seeks, he is free to refile this action." Order, January 20, 1995, at 3.

However, in the first action, this court found that it could exercise jurisdiction over the plaintiff's case, as plaintiff is a federal employee covered by Title II, rather than Title I, of the FMLA. Title II of the FMLA lacks a provision creating a civil cause of action. This court held that the defendants' actions were subject to review under the Administrative Procedure Act ("APA"). The APA requires the exhaustion of administrative remedies prior to judicial review. The court finds that the plaintiff has sufficiently plead the exhaustion of administrative remedies. But, additional case law brought to the court's attention since the first action has made the court reconsider its position on the application of the APA for Title II employees.

The U.S. Court of Appeals for the Fourth Circuit has not specifically addressed this issue. The U.S Court of Appeals for the Fifth Circuit ("Fifth Circuit") has used *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) as the framework for excluding NAFI employees from Civil Service Reform Act ("CSRA")[3] or judicial review. The rationale for such exclusion is well reasoned in *McAuliffe v. Rice*, 966 F.2d 979 (5th Cir.1992):

> Congress deliberately exempted NAFI employees from federal civil service rules to enable the armed services to carry out the mission of non-appropriated fund organizations with the maximum possible personnel flexibility. Requiring judicial review of adverse employment decisions in addition to the elaborate procedural protections already mandated by [Department of Defense Regulations] substantially thwarts the goal of maintaining flexibility . . . ., to permit judicial review of NAFI personnel decisions under the APA would perversely allow them more safeguards than Congress granted more-protected classes of ordinary federal civil servants under the CSRA.

*Id.* at 981. Accordingly, this court agrees with the Fifth Circuit decision interpreting Fausto to include NAFI employees within the scope of its holding that the CSRA or, in this case, the Department of Defense review procedures furnish the proper set of remedies and that judicial review is not necessary.

Inasmuch as the court has determined that this court has no subject matter jurisdiction over this action, the portion of defendants' motion to dismiss as to defendant D.N. Haigh in his individual capacity is moot.

Accordingly, the defendants' motion to dismiss is hereby GRANTED for lack of subject matter jurisdiction. This action is DISMISSED without prejudice, and the clerk is directed to close this case.

---

**3.** Provides the exclusive remedial scheme for claims arising from federal personnel actions, thus preventing APA review.